UNITED STATES DISTRICT COURT
**DISTRICT OF MASSACHUSETTS**

_____
                                                )
ROBERT W. FAHLBECK,             )    CIVIL ACTION NO. 04-40029-NMG
              Plaintiff         )
                                                )
v.                                          )
                                                )
ASTRAZENECA LP, STEPHEN P. GRENIER,   )    **ANSWER TO COMPLAINT**
JACQUELINE A. GUNNERSON; and      )
ROBERT J. PETERS, JR.,           )
              Defendants       )
_____)

       Defendants AstraZeneca LP, Stephen P. Grenier, Jacqueline A. Gunnerson, and Robert J. Peters (collectively, "Defendants"), respond as follows to the separately numbered paragraphs in the complaint of Plaintiff, Robert W. Fahlbeck ("Fahlbeck" or "Plaintiff"):

Jurisdiction

1.    The allegations are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendants admit only that Plaintiff asserts federal claims. Defendants otherwise deny the allegations.

Venue

2.    The allegations are conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendants admit only that the events at issue in this case occurred in this district. Defendants otherwise deny the allegations.

Parties

3.    Defendants are without knowledge or information sufficient to form a belief of the truth of the allegations stated in this paragraph and accordingly deny same.

BOST1-823556-1

4. Admit only that AstraZeneca LP ("AstraZeneca") has a place of business at 50 Otis Street, Westborough, Worcester County, Massachusetts, but deny the remaining allegations stated in this paragraph.

5. Admit only that Stephen Grenier is employed at the AstraZeneca facility located at 50 Otis Street, Westborough, Masssachusetts, but otherwise deny the allegations.

6. Admit only that Jacqueline Gunnerson is employed at the AstraZeneca facility located at 50 Otis Street, Westborough, Masssachusetts, but otherwise deny the allegations.

7. Admit only that Robert J. Peters is employed at the AstraZeneca facility located at 50 Otis Street, Westborough, Massachusetts, but otherwise deny the allegations.

## General Allegations

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit only that Defendant Peters was the Plaintiff's direct supervisor from November 12, 2001 to February 21, 2003, but otherwise deny the allegations in this paragraph.

13. Deny.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and accordingly deny same.

15. Admit only that an incident report states there were no unsafe acts by Plaintiff; otherwise denied.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and accordingly deny same.

17. Admit only that after August 2, 2002, Plaintiff was evaluated by a medical consultant, but deny the remaining allegations contained in this paragraph.

18. Admit only that a medical consultant placed Plaintiff on work restrictions, but otherwise deny the allegations.

19. Admit.

20. Admit.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and accordingly deny same.

22. Deny.

23. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and accordingly deny same.

24. Admit only that Plaintiff was out of work for the stated dates, but deny the remaining allegations contained in this paragraph.

25. Admit.

26. Admit only that Plaintiff reported to work after September 30, 2002, but deny the remaining allegations contained in this paragraph.

27. Admit.

28. Admit.

29. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and accordingly deny same.

30. Admit only that an incident report states there were no unsafe acts by Plaintiff; otherwise denied.

31. Deny.

32. Admit.

33. Deny.

34. Deny.

35. Admit only that the Plaintiff was terminated from AstraZeneca on February 21, 2003, and otherwise deny the allegations.

36. Admit only that AstraZeneca offered a severance package to Plaintiff, but deny the remaining allegations.

37. Admit.

38. Admit.

39. Deny.

40. Admit only that Defendant Peters wrote an e-mail on September 25, 2002, which e-mail contained additional statements than those selectively quoted by the allegations contained in this paragraph; otherwise denied.

41. Admit only that Defendant Peters wrote an e-mail on September 25, 2002, which e-mail contained additional statements than those selectively quoted by the allegations contained in this paragraph; otherwise denied.

42. Admit only that Defendant Peters wrote an e-mail on September 25, 2002, which e-mail contained additional statements than those selectively quoted by the allegations contained in this paragraph; otherwise denied.

43. Admit only that Defendant Gunnerson wrote an e-mail on September 26, 2002, which e-mail contained additional statements than those selectively quoted by the allegations contained in this paragraph; otherwise denied.

44. Admit only that Defendant Peters wrote an e-mail on November 11, 2002; otherwise denied.

45. Admit only that Defendant Gunnerson wrote an e-mail on November 12, 2002; otherwise denied.

46. Denied.

47. Admit only that on December 3, 2002, Plaintiff was given a written warning which outlined concerns about his conduct and contained statements in addition to those selectively quoted by the allegations in this paragraph.

48. Deny.

49. Deny.

50. Admit only that Plaintiff admitted engaging in the conduct for which he was issued the written warning; otherwise denied.

51. Deny.

52. Deny.

53. Defendants admit only that the Plaintiff continued to engage in the conduct for which he was issued the written warning, but deny the remaining allegations contained in this paragraph.

54. Defendants admit only that Plaintiff and Defendant Peters spoke about the consequences attendant to the written warning, but deny the remaining allegations.

55. Deny.

56. Admit.

57. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and accordingly deny same.

58. Defendants admit only that Plaintiff was later asked to resume his original lunch schedule, but deny the remaining allegations contained in this paragraph.

59. Defendants admit only that Plaintiff requested to be moved to the back of the line, but deny the remaining allegations contained in this paragraph.

60. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and accordingly deny same.

61. Admit.

62. Admit only that Plaintiff was terminated on February 21, 2003; otherwise denied.

63. Admit only that Plaintiff was informed that he had continued to use vulgar language and had continued to say negative things about the company; otherwise denied.

64. Deny.

65. Deny.

66. Deny.

67. Deny.

68. This paragraph states a legal conclusion to which no response is required. To the extent it purports to make factual allegations, such are denied.

69. This paragraph states a legal conclusion to which no response is required. To the extent it purports to make factual allegations, such are denied.

70. This paragraph states a legal conclusion to which no response is required. To the extent it purports to make factual allegations, such are denied.

71. Deny.

72. Deny.

73. Deny.

74. Deny.

75. Deny.

76. Deny.

77. Admit only that Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination, but deny the remaining allegations contained in this paragraph.

78. Defendants are without sufficient information to admit or deny, and consequently deny the allegations contained in this paragraph.

79. Admit.

COUNT I - Disability Discrimination
(Violation of the Americans with Disabilities Act)
(Against AstraZeneca only)

80. Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 79 as if fully set forth herein.

81. Deny.

82. Deny.

COUNT II - Disability Discrimination
(Violation of M.G.L. c. 151B)
(Against all Defendants)

83. Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 82 as if fully set forth herein.

84. Deny.

85. Deny.

COUNT III - Intentional Infliction of Emotional Distress)
(Against Defendants Grenier, Gunnerson and Peters only)

86. Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 85 as if fully set forth herein.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

COUNT IV - Interference with Advantageous Contractual Relations
(Against Defendants Grenier, Gunnerson and Peters only)

91. Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 90 as if fully set forth herein.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

COUNT V - Civil Conspiracy
(Against all Defendants)

96. Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 97 as if fully set forth herein.

97. Deny.

98. Deny.

99. Deny.

100. Deny.

## COUNT VI - Violation of the FMLA
### (Against AstraZeneca only)

101. Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 100 as if fully set forth herein.

102. Admit.

103. Admit.

104. This paragraph states a legal conclusion to which no response is required. To the extent it purports to make factual allegations, such are denied.

105. This paragraph states a legal conclusion to which no response is required. To the extent it purports to make factual allegations, such are denied.

106. Deny.

107. Deny.

## COUNT VII - Wrongful Termination
### (Against all Defendants)

108. Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 107 as if fully set forth herein.

109. Deny.

110. Deny.

111. Deny.

## COUNT VII
### (Violation of M.G.L. c. 152, s. 75B)
### (Against Defendant AstraZeneca only)

112. Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 111 as if fully set forth herein.

113. Deny.

9

114.   Deny.

RELIEF SOUGHT

In response to the WHEREFORE clauses, numbered A through G, following paragraph 114, Defendants deny that Plaintiff is entitled to the relief sought, or to any other relief whatsoever.

<b><u>AFFIRMATIVE DEFENSES</u></b>

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff fails to state a claim upon which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by the doctrine of estoppel.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The Plaintiff is not a disabled person within the meaning of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, or the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Defendants did not know or had reason to know that the Complainant was disabled within the meaning of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, or the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to exhaust administrative remedies.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to comply with the jurisdictional prerequisites and conditions before filing this action.

## SEVENTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred because Defendants' actions are privileged.

## EIGHTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred because Plaintiff cannot demonstrate malice.

## NINTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred by the exclusivity provision of M.G.L. c.152.

## TENTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred because Defendants, or their agents, representatives or employees had a legitimate business reason for their actions.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his failure to mitigate his damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred because he has failed to plead the facts with sufficient particularity

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested in his complaint or a jury trial on certain counts.

<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

The Defendants reserve the right after entering into discovery to file such additional defenses and actions that may be appropriate.

WHEREFORE, having fully answered, Defendants request that Plaintiff take nothing by his Complaint; that the Complaint be dismissed with prejudice and in its entirety; that judgment enter against the Plaintiff and in favor of Defendants for all costs and attorneys' fees incurred by Defendants in defending this action; and that Defendants be granted such other and further relief as this Court may deem just and proper.

                                                Respectfully submitted,

                                                ASTRAZENECAZENECA LP,
                                                STEPHEN P. GRENIER,
                                                JACQUELINE A. GUNNERSON; and
                                                ROBERT J. PETERS, JR.,

                                                By their attorneys,
                                                ROBINSON & COLE LLP

Dated: May 24, 2004                   /s/ Catherine E. Reuben
                                                Catherine E. Reuben, BBO 552379
                                                Alida Bográn-Acosta, BBO 566803
                                                One Boston Place, 25th Floor
                                                Boston, MA 02108-4404
                                                Tel: 617-557-5900
                                                Fax: 617-557-5999